bCIACCIO, Judge.
Plaintiff, Kenneth'R. Tucker, appeals from a trial court judgment in favor of defendant, American Heavy Lift Shipping Company (AHL), sustaining its exception of no cause of action. We affirm.
Plaintiff was allegedly injured on September 15, 1993, while working as a seaman aboard AHL’s vessel, the SS KNIGHT. Plaintiff contends that his accident and injuries were caused by the negligence of AHL or the unseaworthiness of the KNIGHT.[1]
Pursuant to plaintiffs contract with AHL, AHL was required to pay maintenance and cure. According to plaintiff, AHL initially refused to pay him maintenance and cure but later paid the claim under protest. Plaintiff, nonetheless, sought penalties, attorney’s fees and costs for AHL’S arbitrary and capricious refusal to pay maintenance and cure. AHL filed an answer to plaintiffs petition, denying the claim. Subsequently, it filed an exception of no cause of action, which the trial court sustained, arguing that punitive damages are not available to plaintiff under general maritime law pursuant to the decision in Bridgett v. Odeco, Inc., 93-1536 (La.App. 4th Cir. 12/15/94); 646 So.2d 1249, 1252, writ denied, 95-0381 (La.3/30/95); 651 So.2d 840.
Bridgett involved a Jones Act seaman who brought a claim for punitive damages against his employer and the owner of a jack-up rig for injuries he sustained when the mooring line of the rig parted and struck him in the knee. |2In Bridgett, we relied on the United States Supreme Court case of Miles v. Apex Marine Corp., 498 U.S. 19, 111 S.Ct. 317,112 L.Ed.2d 275 (1990) and stated:
In Miles, the Supreme Court confronted the question of whether a deceased seá-man’s surviving parent could recover loss of society damages for the wrongful death of a seaman under the Jones Act, 46 U.S.CApp. Sec. 688. In reaching its decision, the Court reasoned that Congress, in the Death on the High Seas Act, 46 U.S.C.App. Sec. 761 et seq. (hereinafter “DOHSA”), spoke directly to the question of recoverable damages, limiting recoverable damages in suits for wrongful death on the high seas to pecuniary losses. The Court observed that “[t]his explicit limitation forecloses recovery for non-peeuniary *498 loss, such as loss of society in a general maritime action.” Id. at 31, 111 S.Ct. at 325. In addition, the Court found that although the Jones Act does not have an express provision limiting recoverable losses to pecuniary losses, Congress incorporated the substantive provisions of the Federal Employers’ Liability Act, 45 U.S.C. Secs. 51-59, into the Jones Act, thereby indicating Congressional intent to incorporate the pecuniary limitation on damages as well. Considering this, the Court held that “[t]here is no recovery for loss of society in a Jones Act wrongful death action.” Id. In applying the same principle to the general maritime law, the Court opined that “[i]t would be inconsistent with our place in the constitutional scheme were we to sanction more expensive remedies in a judicially-created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence.” Id. at 32-33, 111 S.Ct. at 326. The Court held that there was no right to a claim for loss of society under the general maritime law because there is no right to such under the Jones Act. The apparent intent of the Court in Miles was to impose a uniform rule on all actions for the wrongful death of a seaman, whether brought under DOH-SA, the Jones Act, or the general maritime law. See id. The Court made this intent clear when it stated: “Today, we restore a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA, the Jones Act, or general maritime law.” Id.
Furthermore, in rendering our decision in Bridgett, wherein we affirmed the trial ^court’s granting of defendants’ exception of no cause of action, we specifically held that “[pjunitive damages shall no longer be available to a plaintiff who brings an action under the general maritime law in a court subject to this court’s jurisdiction.” Id. at 1254.
We note that since our decision in Bridgett, the United States Fifth Circuit Court of Appeal in Guevara v. Maritime Overseas Corp., 59 F.3d 1496, 1513 (5th Cir.1995) (en banc), cert. denied, — U.S. —, 116 S.Ct. 706, 133 L.Ed.2d 662, held that the Miles non-pecuniary limitation and the need for uniformity in maritime law prohibited the recovery of punitive damages by seaman for an employer’s willful failure to pay maintenance and cure.
In light of the aforementioned jurisprudence, we find that the trial court was correct in sustaining defendant’s exception of no cause of action. Although plaintiff argues that the Louisiana Courts of Appeal are divided on the issue of whether punitive damages are available to a seaman under general maritime law, citing cases from the First and Third Circuit Courts of Appeal, we are bound by our decision in Bridgett.
Accordingly, for the above reasons, the judgment of the trial court in favor of defendant, American Heavy Lift Shipping Company, sustaining its exception of no cause of action is affirmed.

AFFIRMED

. Plaintiffs negligence and unseaworthiness claims are not issues in this appeal.